1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC FISHERIES, INC.,

                Plaintiff,

    v.

INTERNAL REVENUE SERVICE,

                Defendant.

CASE NO. C04-2436JLR

ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT
AND ORDER TO SHOW CAUSE

## I.  INTRODUCTION

    This matter comes before the court on cross-motions for summary judgment (Dkt. ## 17, 19) from Plaintiff Pacific Fisheries, Inc. ("Pacific Fisheries") and Defendant, the Internal Revenue Service ("the Service").  Although Pacific Fisheries has requested oral argument, the court finds this matter appropriate for resolution based on the parties' briefing and supporting declarations.  For the reasons stated below, the court GRANTS the Service's motion (Dkt. # 17) and DENIES Pacific Fisheries' motion (Dkt. # 19).

## II.  BACKGROUND

    On July 27, 2004, Pacific Fisheries mailed a request under the federal Freedom of Information Act ("FOIA," 5 U.S.C. § 552) to the Service's Seattle office.  The request sought documents related to the Service's investigation of Pacific Fisheries, purportedly in connection with a cooperative investigation between the Service and the Russian

ORDER – 1

Federation into the activities of Konstantin Voloshenko, a Pacific Fisheries employee. Pacific Fisheries requested, among other things, documents related to the Russian Federation's inquiry under a tax treaty with the United States, and documents related to the Service's summons on a United States bank for Pacific Fisheries' financial information. Newsome Decl. Ex. A.

When several months passed with no response to the FOIA request, Pacific Fisheries filed this action in December 2004. The Service sought an extension of the deadline for answering the complaint, contending that it needed additional time to review documents responsive to the FOIA request, and that it did not wish to make a "blanket denial" of allegations in the complaint without further investigation. (Dkt. # 4). The court granted nearly three months of additional time to answer the complaint. (Dkt. # 5).

On March 2, 2005, the Service answered the complaint, stating that "[a]ll documents responsive to the [FOIA] request are exempt from disclosure . . . ." Despite the passage of more than seven months since the FOIA request, the Service did not produce a single document, or indicate that it ever would produce documents.

Despite its categorical denial that there were any non-exempt documents responsive to the FOIA request, the Service stated in a March 25, 2005, joint status report that it was "currently reviewing the documents responsive to the FOIA request to determine which documents, if any, may be disclosed to the plaintiff." (Dkt. # 7).

In November 2005, the parties requested the first of several continuances while they awaited a mediation in two appeals in the Ninth Circuit arising from the Service's summons on the United States bank for Pacific Fisheries' information. The parties insisted that the Ninth Circuit mediation would resolve this action.

On Friday, March 24, 2006, with the oft-extended deadline for filing dispositive motions three days away, the Service produced 313 pages of documents responsive to the

ORDER – 2

FOIA request.  Katinsky Decl. Ex. A.  The Service explained that it had redacted portions of those documents, had withheld an additional 150 pages in their entirety, and that it would explain its incomplete disclosure when it filed a motion for summary judgment. Three days later, the parties filed the instant cross-motions.

### III.  ANALYSIS

In reviewing the pending summary judgment motions, the court must draw all inferences from the evidence in the light most favorable to the non-moving party.  Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, the opposing party must show that there is a genuine issue of fact for trial.  Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The opposing party must present probative evidence to support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  For purely legal questions, summary judgment is appropriate without deference to either party.

When a plaintiff sues an agency of the United States for an inadequate response to a FOIA request, the agency bears the burden of proving that its response was adequate. 5 U.S.C. § 552(a)(4)(B); United States Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989).  The court conducts de novo review of the agency's response.  5 U.S.C. § 552(a)(4)(B).  In this case, three issues are in dispute:  the adequacy of the Service's search for responsive documents, the propriety of the Service's claimed exemptions from disclosure, and whether the court should award attorneys' fees to Pacific Fisheries.

ORDER – 3

**A.      In March 2006, the Government Responded Adequately to the FOIA Request.**

**1.      Adequacy of the Search**

First, Pacific Fisheries challenges the adequacy of the Service's search for documents responsive to its FOIA request.  Javier Salinas, an attorney for the Service's international division, was responsible for the search.  Mr. Salinas was familiar with the subject matter of Pacific Fisheries' request, because he advised Service personnel in response to the tax treaty inquiry from the Russian Federation.  Salinas Decl. ¶ 3.  To respond to the FOIA request, Mr. Salinas sent e-mail to "all" IRS personnel who had assisted in meeting the Russian treaty request.  Id. ¶ 6 (listing six individuals).  In each e-mail, Mr. Salinas quoted Pacific Fisheries' FOIA request exactly, and requested all responsive records.  Id. ¶¶ 6-7.  All six individuals responded to him either orally or by e-mail, and assured him that they had provided all responsive records.  Id. ¶ 7.

Pacific Fisheries' sole objection to the Service's search is that Mr. Salinas "failed to ask individuals if they knew of any other individuals who may possess responsive documents."  Pltf.'s Opp'n at 5.  In its view, documents "could have been transferred to other departments," and Mr. Salinas' search method did not account for this possibility.  Pltf.'s Reply at 3.

The court finds that the Service's search was adequate as a matter of law.  The touchstone of an adequate FOIA search is reasonableness.  Zemansky v. EPA, 767 F.2d 569, 571 (9th Cir. 1985).  An affidavit describing a search is "sufficient for purposes of summary judgment" as long as it is "relatively detailed in its description of the files searched and the search procedures, and if [it is] nonconclusory and not impugned by evidence of bad faith."  Id. at 573 (quotation omitted).  Here, Mr. Salinas' affidavit provides a non-conclusory description of a reasonable inquiry of all persons likely to have responsive documents.  See Citizens Comm'n on Human Rights v. FDA, 45 F.3d

ORDER – 4

1325, 1328 (9th Cir. 1995) (reviewing adequacy of search on summary judgment). Putting aside Pacific Fisheries' allegations of extreme delay, there is no allegation of bad faith in conducting the search.  Under these circumstances, the Service has met its burden to obtain summary judgment that its search was adequate.

### 2.    Propriety of the Service's Claimed FOIA Exemptions

Next, Pacific Fisheries challenges the Service's decision to redact some responsive documents and withhold others.  FOIA "contains nine exemptions to its general policy mandating the broad disclosure of government documents."  GC Micro Corp. v. Defense Logistics Agency, 33 F.3d 1109, 1112 (9th Cir. 1994) (citing 5 U.S.C. § 552(b)(1)-(9)). Courts are to construe these exemptions narrowly.  Id.  To demonstrate that it has properly redacted or withheld documents under a FOIA exemption, an agency may provide a "Vaughn Index" – a document that "identif[ies] each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." Wiener v. FBI, 943 F.2d 972, 977 (9th Cir. 1991) (citing Vaughn v. Rosen, 484 F.2d 820, 823-25 (D.C. Cir. 1973)).  The Vaughn Index must be sufficiently specific "to afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court an opportunity to intelligently judge the contest."  Id. at 979.

Here, the Service has provided a Vaughn Index in the form of a declaration from Helene Newsome, an attorney with the Service's disclosure department.  Ms. Newsome reviewed all of the documents that Mr. Salinas collected through his search.  Newsome Decl. ¶ 12.  She consecutively numbered the documents and provided a page-by-page description of the FOIA exemption applicable to each page of the documents that she redacted or withheld.  Id. ¶¶ 14-21.  She provided a thorough explanation of the application of each category of exemption to each document.  The court finds her

ORDER – 5

declaration sufficient to permit Pacific Fisheries to "intelligently advocate release of the withheld documents." Wiener, 943 F.2d at 979.

Pacific Fisheries offers only a limited challenge to Ms. Newsome's declaration. It raises no challenge to many of the Service's claimed exemptions. First, it argues that the Service improperly withheld the taxpayer information of companies other than Pacific Fisheries. It contends that these companies are "related" to Mr. Voleshenko, and that Mr. Voleshenko authorized the Service to release his taxpayer information to Pacific Fisheries. Pltf.'s Opp'n at 6. Pacific Fisheries does not explain how the companies are "related" to Mr. Voleshenko. It also does not cite any authority for the proposition that it may override the Service's statutory duty to protect other entities' tax information by the simple expedient of declaring those entities "related" to someone who has waived his privacy rights.[1] The court finds no merit in Pacific Fisheries' position.

Next, Pacific Fisheries argues that the Service improperly exercised its right to withhold information protected by the "deliberative process" exemption or by the attorney work-product exemption. Pacific Fisheries' sole contention is that "it believes" that some e-mails that the Service substantially redacted "may contain some factual material that is required to be severed and disclosed." Pltf.'s Opp'n at 7. Plaintiff provides no explanation of why it believes this, and no evidence that supports its belief. Moreover, the Service correctly notes that the attorney work-product protection extends to factual material contained in work product. The court thus finds that the Service,

---

[1]The Service's claim of exemption depends on 26 U.S.C. § 6103, which establishes both the general rule that tax return information is not subject to disclosure and the exemptions to the rule. The statute provides several exemptions for disclosure of corporate and partnership tax returns, but Pacific Fisheries has provided no evidence establishing that either it or Mr. Voloshenko meets these requirements. See 26 U.S.C. § 6103(e)(1)(C)-(D).

ORDER – 6

through Ms. Newsome, has sustained its burden to show that it appropriately redacted or withheld documents subject to the deliberative process and work-product exemptions.

Finally, the court notes that Pacific Fisheries belatedly raised a challenge to the Service's claimed exemption for information exchanged under the terms of the tax treaty with Russia.  Pltf.'s Reply at 5-6.  Pacific Fisheries inexplicably waited until its reply brief to bring this challenge, rather than including it in its opposition to the Service's motion.  The Service was thus deprived of the opportunity to respond to the argument.  In any event, Pacific Fisheries has created no question of fact over whether the Service properly withheld treaty information.[2]

**B.    Pacific Fisheries Is Not Entitled to Attorneys' Fees Under FOIA.**

Pacific Fisheries seeks attorneys' fees under FOIA.  The Act, however, permits a court to award attorneys' fees only to a party that has "substantially prevailed."  5 U.S.C. § 552(a)(4)(E).  In Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001), the Supreme Court interpreted "prevailing party" language in the attorneys' fees provision of the Fair Housing Act of 1968 to require a "judicially sanctioned change in the legal relationship of the parties."  The Court rejected the possibility that a party could recover attorneys' fees because his lawsuit resulted in a "defendant's voluntary change in conduct . . . ."  Id.  The Service contends that Buckhannon extends to attorneys' fees claims under FOIA.

The court holds that the Buckhannon holding applies with equal force to attorneys' fees claims under FOIA.  The Ninth Circuit has yet to consider whether Buckhannon reaches FOIA fee claims, but every other circuit that has addressed the question has

_____

[2]Pacific Fisheries erroneously concludes that 26 U.S.C. § 6105(b)(1) incorporates all of 26 U.S.C. 6103, and thus permits broad disclosure of tax treaty information to anyone with an interest under § 6103.  In actuality, § 6105(b) incorporates only part of subsection (i) of § 6103, and that subsection applies solely to "Disclosure[s] to Federal officers or employees . . . ."

ORDER – 7

applied <u>Buckhannon</u>.  <u>E.g.</u>, <u>Oil, Chem. & Atomic Workers Union v. DOE</u>, 288 F.3d 452, 456-57 (D.C. Cir. 2002); <u>Union of Needletrades, Indus. & Textile Employees v. INS</u>, 336 F.3d 200, 207 (2d Cir. 2003); <u>see also</u> <u>Read v. FAA</u>, 252 F. Supp. 2d 1108, 1110 (W.D. Wash. 2003) (Lasnik, J.) (applying and distinguishing <u>Buckhannon</u> in FOIA case). Pacific Fisheries offers no argument or authority that leads the court to a different conclusion.

Under <u>Buckhannon</u>, Pacific Fisheries cannot claim status as a prevailing party. The court has awarded it no relief on the merits, nor has it otherwise sanctioned a change in the parties' legal relationship.  It appears that this lawsuit was necessary to compel the Service to provide an appropriate response to the FOIA request, but the Service did so voluntarily, just in the nick of time.  Although this is not admirable conduct, it is sufficient to avoid attorneys' fees under <u>Buckhannon</u>.

**C.      The Service Shall Show Cause Why the Court Should Not Impose Sanctions.**

Although Pacific Fisheries cannot recover attorneys' fees under FOIA, the court does not condone the Service's conduct.  This litigation cleaves neatly into two portions: one in which the Service's conduct appears to be censurable, and one in which it met its obligations under FOIA.  In the first portion, the Service dragged its figurative feet and refused to provide any documents responsive to the FOIA request.  Along the way, the Service requested an extension of time so that it could conduct an adequate investigation before answering the complaint, but nonetheless answered the complaint by wrongfully claiming that all documents responsive to Pacific Fisheries' FOIA request were exempt from disclosure.  This conduct might well have supported sanctions under Fed. R. Civ. P. 11.  The Service then continued to withhold production of documents for more than a year.  In the second portion of this litigation, which began just a few months ago, the

ORDER – 8

Service finally produced documents by sending them via Federal Express on the Friday before a Monday deadline for dispositive motions.

The Service contends that despite its assertions in its pleadings and its delay in providing responsive documents throughout the first portion of this litigation, it is safe from consequences because it complied with FOIA at the last possible second.  The court disagrees.

The court orders the Service to show cause why the court should not assess sanctions against it under 28 U.S.C. § 1927.  That statute permits a court to assess attorneys' fees against counsel who "unreasonably and vexatiously" multiply proceedings in litigation.  Here, it appears that the Service unreasonably and vexatiously multiplied proceedings.  By waiting until the deadline for dispositive motions to produce documents, it forced Pacific Fisheries to file a dispositive motion and to respond to the Service's motion.  Had the Service not waited, the parties might well have been able to resolve this action without expensive motions, and without the court's intervention.

The court directs the parties to proceed as follows.  First, they shall meet and confer to discuss an agreed resolution that will provide appropriate compensation to Pacific Fisheries.  To guide the parties' discussion, the court notes that on the record before it, it is inclined to award Pacific Fisheries attorneys' fees solely for bringing its summary judgment motion and for opposing the Service's motion for summary judgment. The court is not inclined to award attorneys' fees for any other portion of this litigation, for Pacific Fisheries' pre-litigation efforts to obtain a response to its FOIA request, or for other attorneys' fees incurred in matters extraneous to this litigation.  If the parties are able to agree on appropriate compensation, they shall notify the court and the court will dismiss this action.  If they are unable to agree, then the Service shall respond to this order no later than June 15 with a pleading stating the reasons that the court should not

ORDER – 9

impose sanctions.  Pacific Fisheries may respond to that pleading no later than June 22, 2006.

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS the Service's motion (Dkt. # 17) and DENIES Pacific Fisheries' motion (Dkt. # 19).  There are no issues remaining for trial.  The court ORDERS the Service to SHOW CAUSE by June 16 why the court should not impose sanctions under 28 U.S.C. § 1927.  Alternatively, the parties may reach an agreed resolution of Pacific Fisheries' request for attorneys' fees and notify the court by June 16, at which time the court will dismiss this action with prejudice.

Dated this 1st day of June, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 10